Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 0057 | **DATE** | MAR 27 2000 |
| **CASE TITLE** | Shea v. Codilis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Defendants' motion to dismiss Plaintiff's complaint [#5-1] is DENIED.

*/s/ David H. Coar*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 7 2000 | 65 |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| dc(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES P. SHEA and
NANCY A. SHEA,

        Plaintiffs,

v.

ERNEST J. CODILIS, JR.;
CODILIS & ASSOCIATES, P.C.;
and JOHN DOES 1-10;

        Defendants.

No. 99 C 0057

HONORABLE DAVID H. COAR



## MEMORANDUM OPINION AND ORDER

Before this Court is Ernest J. Codilis, Jr.'s, Codilis & Associates', and John Does 1-10's (collectively, "Defendants") Rule 12(b)(6) Motion to Dismiss James P. Shea's and Nancy A. Shea's (collectively, "Plaintiffs") complaint. For the reasons stated herein, Defendants' motion is denied.

## I. Statement of Facts

In an effort to collect the accelerated balance due on Plaintiffs' residential note and mortgage, Defendants sent a letter to Plaintiffs stating, in relevant part:

> Please be advised that your delinquent account has been referred to our firm for the institution of foreclosure proceedings. . . . In accordance with the [(Fair Debt Collection Practices Act "FDCPA")], you are hereby notified of the following information:

> 1. The amount of the debt: Remaining principal balance $114,043.92 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.

In their complaint, Plaintiffs contend that Defendants' collection letter fails to properly disclose the "amount of the debt" in violation of 15 U.S.C. § 1692g(a)(1). (Compl. ¶¶ 14, 17). Defendants argue that Plaintiffs fail to state a cognizable claim, and urge this Court to dismiss Plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 335 U.S. 41, 45-46, 78 S. Ct. 99 (1957). See also Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). Well-plead allegations of facts in the plaintiff's complaint will be accepted as true, and all reasonable inferences will be drawn in favor of the plaintiff. Marshall-Mosby v. Corporate Receivables, Inc., No. 99-1217, 2000 WL 198441, at *2 (7th Cir. Feb. 22, 2000).

## III. Analysis

Pursuant to the FDCPA, 15 U.S.C. § 1692 et seq., a debt collector must send a written notice to a consumer debtor within five days of initial communication. 15 U.S.C. § 1692g. The notice is required to contain "the amount of the debt," the name of the creditor, and a statement that unless the consumer disputes the validity of the debt, the debt will be assumed valid. 15

U.S.C. § 1692g(a)(1)-(3). The notice must also instruct the debtor of her right to dispute the debt by requesting verification of the debt within 30 days. 15 U.S.C. § 1692g(a)(4).

Congress provided this validation protection in order to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Sen. R. No. 95-382, 95th Cong., 1st Sess., p. 4, reprinted in 1977 USCCAN 1695, 1698. The 30-day validation right conferred by § 1692 is a "significant consumer protection intended to minimize instances of mistaken identity or mistakes as to the amount or existence of a debt." Sen. R. 95-382, 1977 USCCAN at 1697 (cited in Shaver v. Trauner, No. 97-1309, 1998 U.S. Dist. Lexis 19648, at *3-4 (C.D. Ill. Jul. 31, 1998).

Section 1692g(a)(1) directs debt collectors to include "the amount of the debt" in the validation notice. Where the statutory language is unambiguous, and in the absence of a clearly expressed legislative intent to the contrary, "that language must ordinarily be regarded as conclusive." United States v. Turkette, 452 U.S. 576, 580, 101 S. Ct. 2524, 2527 (1981). Thus, the courts should construe a statute using the "ordinary meaning" of its terms. United States v. Labonte, 520 U.S. 751, 757, 117 S. Ct. 1673, 1677 (1997). See also Bailey v. Security Nat'l Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998); Aubert v. American Gen. Finance, Inc., 137 F.3d 976, 979 (7th Cir. 1998).

When § 1692g(a)(1) requires collectors to inform debtors of "the amount of the debt," it means exactly that. An "amount" is a dollar figure, not just a description of the type of charge owed. Additionally, the "debt" that Defendants seek to collect includes not just the principal balance owed, but the interest and the other charges that Plaintiffs were obliged to pay. Defendants argue that Plaintiffs could have easily requested a clarification of the exact amount

owing at any given time. The statute, however, demands that the amount of debt be stated on the face of the collection notice. Simply providing a means by which to discover the amount owed is insufficient. Thus, when Plaintiffs base their cause of action on Defendants' failure to state the precise amount of the unpaid interest and other fees incurred, Plaintiffs state a claim upon which relief can be granted.

In support of their motion, Defendants cite to Chaudhry v. Gallerizzo, No. 98-1024, 98-1595, 1999 U.S. Lexis 6086 (4th Cir. Apr. 5, 1999). In Chaudhry, the court found that a collector's failure to disclose the amount of legal fees owed did not violate § 1692g because it was "not clear that any legal fees would be owed, since [the creditor] had discretion as to whether to impose legal fees at all and, if so, in what amount." 1999 U.S. Lexis 6086, at *21. In the instant case, however, the interest, both accrued and unaccrued, is firmly established as part of the debt owed. Accordingly, Defendants were obliged to state, at the very least, the amount of the accrued unpaid interest as of the date of the letter.

Defendants argue that, even if the letter did not include the amount of unpaid interest and other charges, Plaintiffs knew the exact amount of their debt. How Plaintiffs "knew" the amount is unclear. More importantly, what Plaintiffs knew is beside the point. As stated previously, the FDCPA provides "significant consumer protection intended to minimize instances of mistaken identity or mistakes as to the amount or existence of a debt." Sen. R. 95-382, 1977 USCCAN at 1697 (emphasis supplied). Without a statement of the amount owed, Plaintiffs had no way of determining whether there existed a mistake to dispute, which would undermine the purpose of § 1692g. Moreover, the ability to calculate per diem interest is unlikely to be within the skill sets of a typical consumer.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint is DENIED.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: MAR 27 2000