# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 0057 | DATE | MARCH 27, 2000 |
| CASE TITLE | Shea v. Codilis | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing[held/continued to] [set for/re-set for] on _____ set for 4/18 at 9:30.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Plaintiffs' motion for summary judgment [#32-1] is GRANTED. Any and all other pending motions [including # 34-1, #52-1] are moot and terminated. Status hearing set for 4/18/2000 at 9:30.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 28 2000 date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | | date mailed notice |
| dc(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 66

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES P. SHEA and<br>NANCY A. SHEA,<br><br>        Plaintiffs,<br><br>v.<br><br>ERNEST J. CODILIS, JR.;<br>CODILIS & ASSOCIATES, P.C.;<br>and JOHN DOES 1-10;<br><br>        Defendants. | No. 99 C 0057<br><br>HONORABLE DAVID H. COAR |



## MEMORANDUM OPINION AND ORDER

James P. Shea and Nancy A. Shea (collectively, "Plaintiffs") filed a class action suit against Ernest J. Codilis, Jr., Codilis & Associates P.C., and John Does 1-10[1] (collectively, "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Before this Court is Plaintiff's Motion for Summary Judgment. For the reasons stated herein, the motion is granted.

---

[1] Previously, this Court granted Defendants' Rule 41(a)(2) Motion to Dismiss, thereby terminating Ernest J. Codilis as a party to this case. See Min. Order 3/22/00 of the Hon. David H. Coar.

## I. Background

In an effort to collect the accelerated balance due on Plaintiffs' residential note and mortgage, Defendants sent a form collection letter to Plaintiffs stating, in relevant part:

> Please be advised that your delinquent account has been referred to our firm for the institution of foreclosure proceedings. . . . In accordance with the [FDCPA], you are hereby notified of the following information:
> 1. The amount of the debt: Remaining principal balance $114,043.92 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges.

Defendants sought to collect from Plaintiffs a debt in excess of $114,043.92. The collection letter received by Plaintiffs was a standard form letter that Defendants sent out in connection with other mortgage foreclosures.

## II. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Cox v. Acme Health Serv., Inc., 55 F.3d 1304, 1308 (7th Cir. 1995). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); Eiland v. Trinity Hosp., 150 F.3d 747, 750 (7th Cir. 1998).

The movant bears the burden of establishing that there exists no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Hedberg v.

Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511.

### III. Analysis[2]

Pursuant to the FDCPA, a debt collector must send a written notice to a consumer debtor within five days of initial communication. 15 U.S.C. § 1692g.[3] The notice is required to contain

---

[2] Parts of the following discussion, previously set forth in this Court's decision in response to Defendants' 12(b)(6) Motion to Dismiss, are adopted from that decision.

[3] Section 1692g, entitled "Validation of debts," provides:
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of

"the amount of the debt," the name of the creditor, and a statement that unless the consumer disputes the validity of the debt, the debt will be assumed valid. 15 U.S.C. § 1692g(a)(1)-(3). The notice must also instruct the debtor of her right to dispute the debt by requesting written verification of the debt within 30 days. 15 U.S.C. § 1692g(a)(4).

Congress provided this validation protection in order to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Sen. R. No. 95-382, 95th Cong., 1st Sess., p. 4, reprinted in 1977 USCCAN 1695, 1698. The 30-day validation right conferred by § 1692 is a "significant consumer protection intended to minimize instances of mistaken identity or mistakes as to the amount or existence of a debt." Sen. R. 95-382, 1977 USCCAN at 1697 (cited in Shaver v. Trauner, No. 97-1309, 1998 U.S. Dist. Lexis 19648, at *3-4 (C.D. Ill. Jul. 31, 1998)).

Section 1692g(a)(1) directs debt collectors to include "the amount of the debt" in the validation notice. Where the statutory language is unambiguous, and in the absence of a clearly expressed legislative intent to the contrary, "that language must ordinarily be regarded as conclusive." United States v. Turkette, 452 U.S. 576, 580, 101 S. Ct. 2524, 2527 (1981). Thus, the courts should construe a statute using the "ordinary meaning" of its terms. United States v. Labonte, 520 U.S. 751, 757, 117 S. Ct. 1673, 1677 (1997). See also Bailey v. Security Nat'l

---

a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Servicing Corp., 154 F.3d 384, 387 (7th Cir. 1998); Aubert v. American Gen. Finance, Inc., 137 F.3d 976, 979 (7th Cir. 1998).

Defendants' dunning letter reads: "The amount of the debt: Remaining principal balance $114,043.92 plus unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges." When § 1692g(a)(1) requires collectors to inform debtors of "the amount of the debt," it means exactly that. An "amount" is a dollar figure, not just a description of the type of charge owed. Additionally, the "debt" that Defendants sought to collect included not just the principal balance owed, but the interest and the other charges that Plaintiffs were obliged to pay. As a matter of law then, Defendants' collection letter, which failed to disclose the dollar-amounts of the unpaid accrued interest as well as the other charges owed as of the date of the letter, violated § 1692g(a)(1).

Defendants' concern for misleading debtors is understandable. The amount of interest due changes daily, and the amount of outstanding legal fees, escrow and impound shortages, and late and miscellaneous charges has the potential to fluctuate the minute the collection letter is sealed and posted. Nevertheless, under § 1692g(a)(1), debt collectors are charged with stating, on the face of the collection notice, the "amount of the debt." To the extent that any of the applicable charges were payable and due as of the date of the collection notice, they should have been stated. Accordingly, the statutory mandate required Defendants to provide, at minimum, the amount of unpaid accrued interest due as of the date of the notice.

Although Defendants rely on Harvey v. Nat'l Action Fin. Serv., Inc., 79 F. Supp. 2d 896 (N.D. Ill. 1999), to defeat Plaintiffs' summary judgment motion, that case is inapposite. In Harvey, the court dismissed a complaint alleging a violation of the FDCPA where the collection

letter provided a dollar-figure balance and then stated, "The above listed balance does not include the most recent late charges assessed, any applicable over the limit fees, or your most recent daily interest charges." 79 F. Supp. 2d at 897. Although the Harvey defendant failed to disclose the fees assessed after the letter was sent, the balance appears to have included the unpaid accrued interest as well all other fees payable as of the time of the letter. In contrast, Plaintiffs in the instant case were never informed of the amount of accrued interest and other charges due at the time of the collection notice. Harvey's interpretation of § 1692 does not change the fact that Defendants failed to conform to the statutory mandate.

That court, however, opined that "the provision of a telephone number to get the current balance will lead to less head-scratching than providing various per diem formulae from which our unsophisticated consumer can attempt to calculate a current balance." 79 F. Supp. 2d at 898. To the extent that the Harvey court suggests that a per-diem formula is unnecessary under § 1692g(a)(1), this Court respectfully disagrees. Admittedly, a per diem formula, if it is complex, may be of little use to the unsophisticated consumer. Yet the Consumer Credit Protection Act ("CCA"), 15 U.S.C. § 1601 et seq., of which the FDCPA is a part, is designed to protect the consumer, and when the courts apply the unsophisticated consumer test, it is not to the detriment of the consumer, but rather in an effort to give the FDCPA an expansive reading favorable to the consumer. See Marshall-Mosby v. Corporate Receivables, Inc., No. 99-1217, 2000 WL 198441 (7th Cir. Feb. 22, 2000) (stating that "the unsophisticated consumer is to be protected against confusion whatever form it takes"); N.C. Freed Co. v. Bd. of Governors, 473 F.2d 1210, 1214 (2d Cir. 1973) (observing that because the CCA is "remedial in nature, its terms must be

construed in liberal fashion if the underlying Congressional purpose is to be effectuated"). This Court will not interpret § 1692 so as to shortchange the ability of the consumer to protect herself.

In the final analysis, this court's point of disagreement with Harvey is not critical to our holding. Both Harvey and Chaudhry v. Gallerizzo, No. 98-1024, 98-1595, 1999 U.S. Lexis 6086 (4th Cir. Apr. 5, 1999), which was distinguished in our prior decision denying Defendants' 12(b)(6) Motion to Dismiss, are entirely consistent with this Court's finding that Defendants failed to comport with § 1692g(a)(1) when they omitted the amount of unpaid accrued interest as of the date of the notice from the collection letter. Defendants latch onto the language of "fair notice" mentioned in both cases, but "fair notice" is not what the FDCPA demands. By withholding a full and complete disclosure of the "amount of the debt" owed by Plaintiffs, Defendants, as a matter of law, violated § 1692g(a)(1).

## IV. Conclusion

For the foregoing reasons, summary judgment is entered in favor of Plaintiffs and their proposed class on the issue of liability.

Enter:

David H. Coar
United States District Judge

**Dated:** March 27, 2000